IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| NICHOLAS S. HANSEL | ) |
| | ) CASE NO. 3:23-cv-00020 |
| Plaintiff, | ) |
| | ) MOTION FOR SUMMARY |
| vs. | ) JUDGMENT |
| | ) |
| ARTHUR J. GALLAGHER & CO., | ) (Removed from Scott County, Iowa; |
| | ) CASE NO. LACE135932) |
| Defendant. | ) |
| | ) |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7 and 56, Defendant Arthur J. Gallagher & Co. ("Gallagher" or "Defendant") moves for summary judgment of Plaintiff's Complaint on the grounds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law.[1]

Plaintiff Nicholas Hansel ("Hansel" or "Plaintiff") was terminated from Gallagher after making a speech during a school board election in which he stated, "when you walk into North Scott [the local high school], I want it to be white." He now asserts a breach of contract claim, but this claim fails as a matter of law.

## I. Plaintiff Was Terminated for Cause Pursuant to the Employment Agreement.

Plaintiff attempts to argue that he was not terminated for cause. That is counter-factual; in reality Gallagher made the decision to terminate Plaintiff because his offensive statement, "[w]hen you walk into North Scott, I want it to be white," violated Gallagher's human resources policies, its Code of Business and Ethics, and its values in general.[2] SOMF ¶¶ 15, 36. There is no issue of

---
[1] In support of its Motion, Defendant submits the contemporaneously filed Memorandum of Law In Support of Their Motion for Summary Judgment, Declaration of Christine Bestor Townsend, including accompanying Exhibits, and Declaration of Chris Behnke, including accompanying Exhibits.
[2] Plaintiff, as an employee of Defendant, was expected to read and familiarize himself with Defendant's workplace policies. SOMF ¶ 7.

1

material fact as to whether Plaintiff's termination was for cause under the Employment Agreement.

## II. Gallagher Did Not Breach the Employment Agreement or Any Other Contract.

Plaintiff's Complaint alleges that Gallagher is in breach of contract, resulting in damages to the Plaintiff. Specifically, Plaintiff claims that Gallagher breached the Employment Agreement by: (a) failing to pay earned commissions; (b) failing to provide 21 days' notice of termination during which his employment would have continued; and (d) wrongfully terminating Plaintiff for cause.

To prevail on a breach of contract claim a plaintiff must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that he has performed all the terms and conditions required under the contract; (4) Gallagher's breach of the contract in some particular way; and (5) that the plaintiff has suffered damages as a result of Gallagher's breach. *See, e.g., Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 111 (Iowa 2013). Here, Plaintiff's breach of contract claim necessarily fails because he cannot show that Gallagher breached any term of the Employment Agreement. Gallagher had an absolute right to terminate Plaintiff if it alone determined in good faith that cause existed.

## III. The First Amendment Right to Free Speech Does Not Apply to Private Employers.

The First Amendment restricts only governmental limitations on speech. It does not restrict limitations set in place by a private entity. *See Hudgens v. NLRB,* 424 U.S. 507, 512 (1976) ("the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state") (citing *Columbia Broad. Sys,, Inc. v. Democratic Nat'l Comm.,* 412 U.S. 94 (1973)); *see also Federer v. Gephardt*, 363 F.3d 754, 760 (8th Cir. 2004) ("because the substantive federal right that [the plaintiff] wishes to vindicate is a First Amendment right, state action is required"); *Gill v. Farm Bureau Life. Ins. of Mo.*, 906 F.2d 1265, 1266 (8th Cir. 1990). Plaintiff

did not enjoy First Amendment rights insofar as they override Gallagher's lawful policies and procedures.[3] As such, Gallagher had every right to terminate Plaintiff because Plaintiff's speech violated Gallagher's human resources policies, the Code of Business and Ethics, and its values in general. Plaintiff's speech was not protected against any constraint by the First Amendment or otherwise.

For all the foregoing reasons, Defendant respectfully requests that this Court grant its Motion for Summary Judgment, dismiss Plaintiff's Complaint in its entirety, with prejudice, and award such other relief as this Court determines just and proper under the circumstances.

Dated this 1st day of February, 2024.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Christine Bestor Townsend*

Christine Bestor Townsend, AT0012185
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6400
Facsimile: 414.755.8289
Email: christine.townsend@ogletree.com

**ATTORNEYS FOR ARTHUR J. GALLAGHER & CO.**

---

[3] While there are certain laws that prevent a private employer's encroachment on an employee's free speech (including for example, the Voting Rights Act of 1965, and the National Labor Relations Act, and laws prohibiting discrimination in employment), none of those laws apply to the facts of this case.

**PROOF OF SERVICE**

The undersigned certifies that on February 1, 2024, ***Defendant's Motion for Summary Judgment, Brief in Support, Statement of Proposed Undisputed Facts and Appendix, and Proposed Order*** were electronically filed with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

> William Stengel
> Stengel, Bailey, & Robertson, P.C.
> 1617 2nd Avenue, Suite 200
> Rock Island, IL 61201
> sbrlaw@sbrlawfirm.law

Additionally, a bound copy of the filing will be mailed to Judge Stephen B. Jackson, Jr., within 7 days.

Signature: _/s/ Christine Bestor Townsend_
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.